**Carroll E. BURNS and Gladys Burns, Appellants,**

v.

**William M. GRAY, District Director of Internal Revenue, Appellee.**

**No. 14167.**

United States Court of Appeals Sixth Circuit.

March 10, 1961.

James T. Carey, Louisville, Ky., for appellants.

Carolyn R. Just, Dept. of Justice, Washington, D. C. (Abbott M. Sellers, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., and William B. Jones, U. S. Atty., Louisville, Ky., on the brief), for appellees.

Before McALLISTER, Chief Judge, SIMONS, Senior Circuit Judge, and O'SULLIVAN, Circuit Judge.

McALLISTER, Chief Judge.

The issue in this case is whether appellant taxpayer, Carroll E. Burns, in carrying out the duties of his employment, was entitled to a deduction from income tax, for traveling expenses while away from his home at Williamstown, Kentucky, under the relevant provisions of the Internal Revenue Code. Although Burns and his wife are complainants, the determination of the case depends upon Burns's rights therein. The District Court held that he was not entitled to the claimed deduction, and, from such decision, Burns appeals.

The background of the case is as follows: Burns, a racehorse starter, and racing official, commenced his career by being born in Havre-de-Grace, Maryland, a city noted for having one of the great race tracks of the East. For approximately thirty years, he has been employed as a starter, assistant starter, or patrol judge, at various race tracks throughout the country. Twenty-five years ago, he married a girl of Williamstown, Kentucky, and has continued to reside there and make that place his home ever since. At present he lives there with his wife and her parents, whom he supports, in a home located on three acres of land which he purchased sixteen years ago. He is registered as a voter in Williamstown; he pays his real estate taxes there; and he pays Kentucky income taxes. He files his federal income tax returns with the Director of Internal Revenue in Louisville, the office at which citizens and residents of Williamstown are required to file them; and his federal income tax returns show his address to be at his home, Route 3, Williamstown, Kentucky.

 Is Williamstown his home? There can be no question that it is.

Is Burns entitled to a deduction of all ordinary and necessary expenses paid or incurred during the taxable year, in carrying on his trade or business, including traveling expenses (including the entire amount expended for meals and lodging) while away from his home in the pursuit of his business?

Section 162 of the Internal Revenue Code, 26 U.S.C.A. § 162, provides as follows:

"Section 162. Trade or business expenses

"(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\* \* \* \* \* \*

"(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business;"

In accordance with the foregoing provisions of the statute, Burns is entitled to a deduction of the entire amount which he expends for meals and lodging while away from his home, in the pursuit of his business.

The government contends, since Burns spends more of his time each year in one place than in another, in carrying on his business, and less time at his home than in some of the places where he is obliged to be in order to carry on his business, that the word, "home," as used in the statute, must be interpreted as meaning "business headquarters"; and that his necessary expenses in carrying on his business at such "headquarters" are not entitled to a deduction from income.

It appears that, during the tax year here in question, 1954, Burns, in carrying on his business, spent 72 days at the Oak Lawn Jockey Club track in Hot Springs, Arkansas, from January 16 to March 29; 44 days at the Wheeling Downs Racing Association track in Wheeling, West Virginia, from April 20 to May 30; 85 days at the Wheeling track, from July 11 to October 3; and 26 days at the Wheeling track, from October 30 to November 28. Since 1956, Burns has not been employed

at the Wheeling track, but has continued to work as a starter at various other race tracks throughout the country. Other years of his employment as a race-track official further illuminate the nature and conduct of his business. After his war service, he was employed, during 1946, at race tracks at Louisville, Kentucky; Cascog, Rhode Island; Wheeling, West Virginia; at Keeneland near Lexington, Kentucky; and then, back to Louisville. In 1947, he was employed at various times at the Oak Lawn Park at Hot Springs, Arkansas; at Keeneland near Lexington, Kentucky; at Louisville, Kentucky; at Wheeling Downs at Wheeling, West Virginia; and then back to Keeneland, and subsequently, at Louisville.

The government submits that in order to ascertain where Burns's "home" was during the taxable year in question, one must consider all the different places of Burns's employment during that year, ascertain the place where he has been employed for the longest period during that time and then construe that place as his "home" within the meaning of the statute. This is a strained and artificial construction; and we are not referred to anything that would indicate such was the intent of Congress.

This is not a case where a man deliberately chooses to carry out his employment at a place other than his home, when he could just as well do it at his home; nor is it a case where the employment is definite and for fixed portions of a year; nor is it a case where a man deliberately selects a residence, at a place other than where his regular place of business is located, or is to be located. For the purpose of this controversy, those examples may be considered special cases, not within the general rule here applicable. Here, the place of employment, and the employment itself, was temporary, subject to change from season to season.

The government contends that in 1954, Wheeling, West Virginia, was Burns's home because he spent a greater portion of his time there than at other places of his employment during that year, or at

his home in Williamstown, Kentucky. Yet, as evidence of the temporary nature of such a "home" and place of employment, it appears that he was not employed in any manner in Wheeling in 1956.

"Home," within the meaning of the statute, does not mean the place where more of a taxpayer's employment is carried on than at another place. "Home" is not synonymous with "business situs." In the instant case, Burns's "home," within the intendment of the statute, is the place where he has lived for twenty-five years; where he bought a house and made a home for his wife, her parents, and himself, during the past sixteen years; and where he votes, pays his taxes, and resides between periods of employment away from such home.

Many adjudications, which are urged upon us as guides for our determination herein, are not helpful as either clearly supporting or clearly rejecting the contentions of the parties, and, as in all legal controversies, a number of the cited cases involving the question of deduction for such business expenses seem to have been decided on the special facts involved.

However, in Wallace v. Commissioner of Internal Revenue, 9 Cir., 144 F.2d 407, 410, the court observed:

"We have found nothing in section 23(a) (1) of the Internal Revenue Code * * * or in the earlier legislation from which this code provision is derived which denotes any intent by Congress to attribute to the word 'home' as therein used any unusual or novel meaning."

In Alois Joseph Weidekamp v. Commissioner of Internal Revenue, 29 T.C. 16, it was held that a taxpayer, a pari-mutuel calculator at a race track, could deduct travel expenses incurred at West Palm Beach, Florida, even though he spent more time there—121 days—than he spent at his residence in Louisville, Kentucky—72 days. But the taxpayer had lived in Louisville all his life, although he did not own real estate there; he filed resident Kentucky income tax re-

turns with the District Director of Internal Revenue at Louisville; he had worked as a pari-mutuel operator since he was a young man; his itinerary for the year in question was Palm Beach Kennel Club, West Palm Beach, Florida; Churchill Downs, Louisville, Kentucky; Buffalo Trotting Association, Hamburg, New York, and Genessee-Monroe Racing Association, Batavia, New York. He was away from his home at Louisville for 292 days, during the year. Nevertheless the Tax Court held that his "home" was Louisville for purposes of the deduction.

We are of the opinion that the claimed deductions were for ordinary expenses in carrying on Burns's business, and should have been so allowed.

In consideration of the foregoing, the judgment of the District Court is set aside and the case remanded for entry of the judgment in accordance with this opinion.