Howard Greenway and Della Greenway v. Commissioner.
Greenway v. Commissioner
Docket No. 92563.
United States Tax Court
T.C. Memo 1964-13; 1964 Tax Ct. Memo LEXIS 320; 23 T.C.M. (CCH) 59; T.C.M. (RIA) 64013; January 28, 1964, Decided Quentin L. Housholder, 420 Stahlman Bldg., Nashville, Tenn., for the petitioners. J. Larry Broyles, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioners for the taxable year 1959 in the amount of $150.00. The petitioners claim in an amended petition an overpayment of $62.50 for the year in question. The only issue is whether the petitioner Howard Greenway is entitled to deduct expenses *321 paid for meals and lodging in the amount of $1,062.50 while away from home in the pursuit of a trade or business. Findings of Fact The stipulated facts are so found and are incorporated herein by reference. The petitioners, Howard and Della Greenway, husband and wife, filed their joint Federal income tax return for the calendar year 1959 with the district director of internal revenue at Nashville, Tennessee. Howard Greenway (sometimes hereinafter referred to as petitioner) has lived in Parsons, Tennessee, all of his life. Before and during the year 1959 the petitioner and his wife owned their own home at 113 Florida Avenue in Parsons and resided there with their three children. During 1959 Della Greenway was employed by Salant and Salant, Inc., in Parsons. Prior to 1959 the petitioner had worked in Parsons for the Memphis Stone Company and for George Gee Construction Company, although he was unemployed when he accepted work with the J. R. Hayes Construction Company in January 1959. The business headquarters of the J. R. Hayes Construction Company is located in Paris, Tennessee, which is approximately 60 miles from Parsons. Petitioner was employed by Hayes as an oilman, flagman, *322 hammer operator, pump operator, explosives man, driller, and watchman. At the time of petitioner's employment, the J. R. Hayes Construction Company was working on six different construction projects in Pike and Hinds Counties, Mississippi, and Madison, Shelby, Weakley, and Henry Counties in Tennessee. Petitioner knew when he accepted employment that he could be transferred on short notice to any of the jobs of Hayes Construction Company if his particular skills were needed and if he so desired. Petitioner was first assigned by Hayes to work in moving dirt on a 15-mile strip of Interstate Highway 40 in Madison County, near Jackson, Tennessee, which is 39 miles from Parsons and 52 miles from Paris. Both the petitioner and Hayes Construction Company expected at the time of petitioner's acceptance of employment that the Madison County job would last about 6 months. However, because of certain unanticipated difficulties encountered by Hayes Construction Company in crossing swamps and the Obion River bottom, the petitioner's work on the Madison County job was extended until December 15, 1959. The petitioner worked on the Madison County job a total of 43 weeks. While on this job the petitioner *323 stayed most of the time in Jackson, Tennessee, and paid $4.25 per day, or a total of $1,062.50, for his room and meals. During this period he returned each week to his home in Parsons to be with his family, but did not claim his traveling expenses for these trips. Petitioner also returned to his home in Parsons at times during the winter months when inclement weather prevented him from working on the Madison County job. After the Madison County construction project was terminated on December 15, 1959, the petitioner then accepted work with J. R. Hayes Construction Company on another road building job located in and around Whitehaven, Tennessee, in Shelby County, which is more than 100 miles from both Parsons and Paris. As of September 15, 1960, the petitioner was still working on the Shelby County job. The following information is contained in the withholding statements (Form W-2), as reflected in the schedule attached to the petitioners' income tax return for 1959: Employer's Name
Where Employed
Wages
Withholding Tax
J. R. Hayes Construction Company
Paris, Tenn.
$3,026.51
$349.50
Salant & Salant, Inc.
Parsons, Tenn.
2,297.78
96.53
Totals
$5,324.29
$437.03 [1]
*324 The Hayes Construction Company did not reimburse the petitioner for any of his expenses for meals and lodging while he was on the Madison and Shelby County jobs. In his statutory notice of deficiency dated March 6, 1961, the respondent disallowed the claimed away-from-home expenses because "it has been determined that your employment constituted an indefinite assignment and is therefore not deductible under the provisions of the Internal Revenue Code." Ultimate Findings 1. The petitioner's employment on the Madison County job was temporary. 2. The petitioner's employment on the Shelby County job was temporary. 3. The petitioner's "home" during the year 1959 was Parsons, Tennessee. Opinion We are here concerned with section 162(a)(2) of the Internal Revenue Code of 1954 which, inter alia, provides for the deduction of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." The resolution of this case presents a narrow question of fact - was *325 the petitioner's employment on the Madison County job and then on the Shelby job "temporary" or "indefinite"? Peurifoy v. Commissioner, 358 U.S. 59 (1958). This we must determine from all the facts and circumstances involved. Petitioner contends that the facts support a finding that his employment on these two construction projects in 1959 was temporary in nature and that this case clearly falls within the ambit of our decisions in Harry F. Schurer, 3 T.C. 544 (1944); and E. G. Leach, 12 T.C. 20 County job was temporary. 2. The petitioner's employment on the Shelby County job was temporary. 3. The petitioner's "home" during the year 1959 was Parsons, Tennessee. Opinion We are here concerned with section 162(a)(2) of the Internal Revenue Code of 1954 which, inter alia, provides for the deduction of "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." The resolution of this case presents a narrow question of fact - was the petitioner's employment on the Madison County job and then on the Shelby job "temporary" or "indefinite"? *326 Peurifoy v. Commissioner, 358 U.S. 59 (1958). This we must determine from all the facts and circumstances involved. Petitioner contends that the facts support a finding that his employment on these two construction projects in 1959 was temporary in nature and that this case clearly falls within the ambit of our decisions in Harry F. Schurer, 3 T.C. 544 (1944); and E. G. Leach, 12 T.C. 20 (1949). See also Coburn v. Commissioner, 138 F. 2d 763 (C.A. 2, 1943); Burns v. Gray, 287 F. 2d 698 (C.A. 6, 1961); and Rev. Rul. 60-189, 1960-1 C.B. 60. Relying principally upon the cases of Kermit L. Claunch, 29 T.C. 1047 (1958), affd. 264 F. 2d 309 (C.A. 5, 1959), and Floyd Garlock, 34 T.C. 611 (1960), the respondent argues that the petitioner's employment during the year 1959 ripened into one of "substantial, indefinite or indeterminate duration." From this premise respondent then argues that the situs of such employment, i.e., Jackson, Tennessee, and then Whitehaven, became the petitioner's "tax home," thus making the amounts expended for meals and lodging nondeductible personal *327 expenditures under section 262. Admittedly, cases of this type present varied, and often difficult, questions of fact and we find that it is not always easy to draw the line between what is "temporary" or "indefinite." But, exercising our best judgment on this record, we conclude that the petitioner's employment in the year 1959 was temporary. These facts, as we view them, are close to those considered by us in E. G. Leach, supra. We are unwilling to hold, as respondent urges us to do, that under these circumstances the petitioner, who was required to travel from one job of relatively short duration to another, must carry his "home" on his back regardless of the fact that he maintains his family in Parsons.[2] Certainly Parsons is his regular place of abode in a real and substantial sense and, we believe, can be called his "home" for the purpose of section 162(a)(2). That it would create an intolerable burden for this petitioner to uproot his family whenever he changed jobs is undeniable. Moreover, since he has a family with a fixed residence in Parsons where his wife works, where his children go to school, and where he frequently returns, there is a strong basis for *328 us to conclude that the petitioner takes temporary jobs at distant points for business rather than personal reasons. And here we have the added factor that there was a shortage of work to provide year-round employment for the petitioner in Parsons. Not only do we think the petitioner has brought himself within the rule of Leach, but we also regard our decisions in Claunch and Garlock as being distinguishable on their facts. In Claunch the taxpayer knew that his job with Babcock & Wilcox in Rome, Georgia, would be of "considerable duration" and it did in fact last for 2 years. In Garlock the taxpayer worked from 1950 *329 to 1954 on many construction sites which were, with one exception, within a 15-mile radius of Passaic, New Jersey, the business headquarters of the corporation which employed him. We held that "his principal place of employment was within a reasonably confined area" around Passaic and that "such employment was for an indefinite period of time." Furthermore, Garlock did not return to his residence in Mohawk, New York, between relocations and reassignments from one New Jersey construction site to another. Accordingly, we hold that the petitioner was temporarily employed on two separate jobs during 1959 and neither place was his "home" for tax purposes. The expenses, taken for meals and lodging only, were required by the exigencies of his business and his employer's business; they were unavoidable; they were reasonable; and they were ordinary and necessary expenses while away from his "home" in pursuit of his trade. The respondent erred. E. G. Leach, supra; and compare Burns v. Gray, supra; Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962); and Harvey v. Commissioner, 283 F. 2d 491 (C.A. 9, 1960). There is no deficiency and the claimed *330 overpayment is allowed. Decision will be entered under Rule 50. Footnotes
1. There appears to be an error of $9.00 in this total. The correct total for withholding tax should be $446.03.↩
2. Oddly enough, the Group Supervisor, Office Audit Branch, District Director's Office, originally took the position in a letter to the petitioner dated October 11, 1960, that his "post of duty or tax home would be Paris, Tennessee." Obviously, if Paris was his "tax home," the petitioner's expenses for meals and lodging on the temporary jobs in the Jackson and Whitehaven areas were incurred while away from home. No doubt that is why respondent's counsel argued in his opening statement and on brief that the situs of petitioner's "home" shifted to each job location.↩