David L. Cowger and Bernadette M. Cowger v. Commissioner.
Cowger v. Commissioner
Docket No. 471-64.
United States Tax Court
T.C. Memo 1966-95; 1966 Tax Ct. Memo LEXIS 188; 25 T.C.M. (CCH) 513; T.C.M. (RIA) 66095; May 5, 1966
*188 Petitioners, husband and wife, own a one-family dwelling at 33 Wileman Avenue, Walden, N. Y., which has been their residence since 1947, having previously resided in Walden since 1939 at another address. Walden is about 75 miles from New York City. The husband has been continuously employed by the Walsh Construction Corporation as a project manager since 1939. Walsh had its principal office at Davenport, Iowa, district offices in California, Indiana, and general offices at 711 3d Avenue, New York City. During 1961 Walsh also had an office in Nigeria and an office in Canada. The wife taught school in Walden from 1943 through the taxable year 1961. Petitioners have one son who was a dependent in 1961. For the three years prior to the taxable year the husband worked at approximately four different locations for Walsh in New York State, one being for 2 months at Canada House, New York City. Petitioner David very rarely ever finished a job he was working on but before it was completed he would be ordered to go on a new job. About January 16, 1961, petitioner was assigned to a construction job for the New York Telephone Company in New York City. He was not told how long he would be on that *189 job. With the exception of about 7 days when he was ordered to other assignments, he was on the telephone job until June 1962 when he became ill and was on sick leave for 3 months. It was the practice of Walsh to pay petitioner $25 a week to cover living expenses while "away from Walden." In 1961 such payments amounted to $1,215 which petitioner reported as income. While on the telephone job in 1961 petitioner usually went to Walden for the weekend and sometimes once during the week. At other times during 1961 he stayed at the New York Athletic Club in New York City and paid the club $2,500 for board and lodging. He deducted the $2,500 as a business expense under section 162(a)(2), I.R.C. 1954, which the respondent disallowed. Held, the evidence establishes that the employment of petitioner David on the telephone job was temporary in character and that petitioners are entitled to deduct the $2,500 as traveling expenses while away from home, as claimed on their joint return for 1961. George J. Schaefer, for the petitioners. Lawrence Shongut, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the *190 calendar year 1961 in the amount of $967.67. Petitioners assign as error the following: The Commissioner has determined that a deduction claimed for meals and lodging for the year 1961 in the amount of $2,500.00 is not allowable for the reason that the "job you (David L. Cowger, one of the Petitioners) was on" in New York City lasted in excess of one year and was thereby an indefinite assignment in contrast to a temporary assignment, and therefore, New York City was the "tax home" of the said David L. Cowger in accordance with the provisions of the Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated and such facts are incorporated herein by reference. Petitioners are husband and wife residing at 33 Wileman Avenue, Walden, N. Y. They filed a joint Federal income tax return for the calendar year 1961 with the district director of internal revenue at Albany, N. Y. Walden, N. Y., is situated in Orange County and is about 75 miles distant from New York City, with travel time of approximately 2 hours by automobile from Walden to New York City. Petitioners own a one-family dwelling at 33 Wileman Avenue, Walden, N. Y., which is their residence and has been their *191 residence since they first purchased it in 1947, having previously resided in Walden since 1939 at another address. Petitioner Bernadette M. Cowger is a teacher in Central School District No. 1 at Walden, N. Y., and was employed as a teacher by the said school district from 1943 through the entire year 1961. Petitioners have one son who was a dependent in 1961. Petitioner David L. Cowger, hereinafter sometimes referred to as petitioner, during the entire year 1961 was in the employ of Walsh Construction Corporation, general contractors in the commercial and industrial fields with principal office at Davenport, Iowa, and with district offices in California and Indiana and with general offices at 711 3d Avenue in New York City. In 1961 they also had an office in Nigeria and an office in Canada. Petitioner has been continuously employed by Walsh Construction Corporation since April 1, 1939, except for three periods: from September 1941 to March 1942; [1] *192 October 1943 to May 1945, and September 1945 to May 1946. For the three years prior to the taxable year 1961 petitioner worked at various locations as follows: Year
Months
No. of Months
Address
1958
January and February
2 Mos.
Canada House, New York City
March-October
8 Mos.
Indian Point, New York
November and December
2 Mos.
Brooklyn, New York
1959
January and February
2 Mos.
Indian Point, New York
March-August
6 Mos.
Ticonderoga, New York
September and October
2 Mos.
Indian Point, New York
Ticonderoga, New York
November and December
2 Mos.
Ticonderoga, New York
1960
January-October
10 Mos.
Ticonderoga, New York
November
1 Mo.
(Not disclosed)
December
1 Mo.
New York City office Petitioner very rarely ever finished a job he was working on but before it was completed he would be ordered to go on a new job. On or about January 16, 1961, petitioner was assigned to a construction job for the New York Telephone Company in New York City. Except for Saturdays (other than Saturday, August 19, 1961), Sundays and holidays and certain other exceptions, petitioner, during the taxable year 1961, worked for Walsh Construction Corporation at a construction job for the New York Telephone Company in New York City. The other exceptions are *193 the dates in 1961, locations of work, and nature of work, as follows: Date
Location of Work
Nature of Work
Jan. 1 to Jan. 13
New York City office of Walsh Construction
Corp.
Estimating new work
Jan. 18 to Jan. 19
General Motors Corp., Tarrytown, N. Y.
Estimating new work
April 27
Office of Triborough Bridge and Tunnel Au-
thority, NYC
Checking records in connec-
tion with Emily Darby ac-
cident suit in connection
with N. Y. Coliseum job
May 25
Supreme Court, Brooklyn, N. Y.
Trial of Emily Darby acci-
dent suit.
Aug. 18 and 19 and
Dec. 15 and 16
International Paper Co., Ticonderoga, N. Y.
Estimating new work When petitioner was assigned to the telephone job, he was not told how long he would be on that job. Except for the abovementioned exceptions, petitioner was on the telephone job from January 16, 1961, to June 1962 when he became ill and was on sick leave for 3 months. After his illness petitioner worked at various locations as follows: Year
Months
No. of Months
Address
1962
September-December
4 Mos.
New York City Office
1963
January-February
2 Mos.
New York City Office
March-November
9 Mos.
New York City Office and
Ticonderoga
December
1 Mo.
New York City Office
1964
January and February
2 Mos.
New York City Office
March-to date
Livermore Falls, Maine
It *194 was the practice of Walsh Construction Corporation from 1946 to 1964 to pay petitioner $25 a week to cover living expenses while "away from Walden." In 1961 such payments amounted to $1,215 which petitioner reported as income. While on the telephone job in 1961 petitioner usually went to Walden for the weekend and sometimes once during the week. At other times during 1961 petitioner stayed at the New York Athletic Club in New York City and paid the club $2,500 for board and lodging. On their joint return petitioners claimed the $2,500 as a deduction. The respondent disallowed the claimed deduction and in a statement attached to the deficiency notice gave as the reason for his disallowance the following: Deduction claimed for meals and lodgings in the amount of $2500.00 has been disallowed for the reason that since the job you were on in New York lasted in excess of one year, the conclusion was reached that New York is your tax home and living expenses incurred at your tax home are not deductible in accordance with the provisions of the 1954 Internal Revenue Code. The assignment while in New York was considered as being an indefinite assignment in contrast to a temporary assignment. *195 Ultimate Findings of Fact The assignment of petitioner to the New York Telephone Company job in New York City on January 16, 1961, was a temporary rather than indefinite assignment. While employed on that job during the taxable year 1961 petitioner was away from home in pursuit of a trade or business. Petitioner's "home" during the year 1961 was Walden, N. Y. Opinion The question is whether petitioner is entitled to deduct the $2,500 he spent in 1961 for meals and lodging in New York City as travel expenses incurred away from home in the pursuit of a trade or business pursuant to section 162(a)(2) of the Internal Revenue Code of 1954. [2] The phrase "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business" first appeared in section 214(a)(1), Revenue Act of 1921, and has remained in all the Revenue Acts and revenue Codes, without change, until section 162(a)(2) of the 1954 Code was amended by section 4(b) of the Revenue Act of 1962 by striking out "(including the entire amount expended for meals and lodging)" and inserting in lieu thereof "(including amounts expended for meals and lodging other than amounts *196 which are lavish or extravagant under the circumstances)." This amendment is only applicable to taxable years ending after December 31, 1962. Jerome Mortrud, 44 T.C. 208. The decisions on questions of this kind are numerous and some are difficult to distinguish from others. Perhaps it can be said that the trend of the later decisions, both in this Court and the Appellate Courts, is to liberalize somewhat the tests that have in the past been applied. Cf. Harvey v. Commissioner, 283 F. 2d 491 (C.A. 9, 1960), reversing and remanding 32 T.C. 1368; Williams v. Patterson, 286 F. 2d 333 (C.A. 5, 1961); Burns v. Gray, 287 F. 2d 698 (C.A. 6, 1961); Hanson v. Commissioner, 298 F. 2d 391 (C.A. 8, 1962), reversing 35 T.C. 413; Wright v. Hartsell, 305 F. 2d 221 (C.A. 9, 1962); Stidger v. Commissioner, 355 F. 2d 294 *197 (C.A. 9, Dec. 27, 1965), reversing 40 T.C. 896; and William A. Bagley, 46 T.C. 176, May 4, 1966. See also "CA-9 allows deduction for GI's meals; broad view of 'home' creates court conflict." The Journal of Taxation 172-173, March 1966. It is fundamental that each case must turn upon its own particular facts. Thus, the court in Burns v. Gray, supra, in holding for the taxpayer, said: This is not a case where a man deliberately chooses to carry out his employment at a place other than his home, when he could just as well do it at his home; nor is it a case where the employment is definite and for fixed portions of a year, nor is it a case where a man deliberately selects a residence, at a place other than where his regular place of business is located, or is to be located. For the purpose of this controversy, those examples may be considered special cases, not within the general rule here applicable. Here, the place of employment, and the employment itself, was temporary, subject to change from season to season. [Emphasis supplied.] In the Burns v. Gray case, the taxpayer was a racehorse starter who for 25 years prior to and during the taxable year 1954 had resided in Williamstown, *198 Ky., and, much like the petitioner in the instant case, had carried on his business at different racetracks throughout the country but never at Williamstown. The Sixth Circuit, in reversing the District Court for the Western District of Kentucky, held against the Government's contention "that in 1954, Wheeling, West Virginia, was Burns' home because he spent a greater portion of his time there than at other places of his employment during that year * * *." In cases where the taxpayer's place of employment may be said to be temporary as distinguished from indefinite, indeterminate, or permanent, the deduction for traveling expenses has been allowed as being "away from home." Harry F. Schurer, 3 T.C. 544; E. G. Leach, 12 T.C. 20; Coburn v. Commissioner, 138 F. 2d 763 (C.A. 2), reversing and remanding a Memorandum Opinion of this Court. In Leo C. Cockrell, 38 T.C. 470, affirmed 321 F. 2d 504 (C.A. 8, 1963), we said, at p. 479: This Court and other courts have allowed a deduction for expenditures for travel including meals and lodging when a taxpayer's employment at the place where such expenditures are made is temporary as contrasted with indefinite or indeterminate. Peurifoy v. Commissioner, 358 U.S. 59, 61 (1958), *199 and cases there cited. What constitutes "temporary" as distinguished from "indefinite" is a question of fact. * * * In affirming our decision, the Court of Appeals for the Eighth Circuit, among other things, said: We think the test is this: "Where it appears probable that a taxpayer's employment outside the area of his regular abode will be for a 'temporary' or 'short' period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an 'indefinite' or 'intermediate' or 'substantially long' period, then the deduction is disallowed." Wright v. Hartsell, supra * * *. Admittedly, it is not easy to draw the line between what is "temporary" and what is "indefinite, indeterminate or permanent." The determination is one of ultimate fact. The particular facts in each case must be carefully weighed. We have exercised our best judgment and have concluded that on the particular facts of this case petitioner's employment during 1961 on the telephone job in New York City must be found to be temporary. For many years prior to 1961 petitioner was employed by Walsh as project manager on different jobs throughout the eastern seaboard. *200 His job at the telephone company was no different from the other jobs except that it perhaps actually lasted a little longer. But petitioner did not know how long he would actually be on this job. The evidence shows that petitioner very rarely ever finished a job to which he was assigned but that before the job would be finished he would be assigned to another job. Furthermore, we think the facts show that Walsh regarded petitioner as away from his home during all of 1961 for it paid petitioner $1,215, or $25 a week, to cover his living expenses while he was "away from Walden", which had been its practice since petitioner became a project manager in 1946. We think this is strong evidence tending to show that the telephone job was in fact temporary. Certainly the job did not reach that degree of indefiniteness or permanency as would reasonably require the petitioner to change his tax home. [3] We think such a requirement would be unreasonable under the circumstances of this case. Walden was petitioner's regular place of abode in a real and substantial sense. It was where he and his family had a fixed residence, where his wife was employed [4] *202 as a teacher from 1943 through the entire year *201 1961, and where petitioner's minor son was attending school. We find Walden was petitioner's "home" for the purpose of section 162(a)(2). We do not think that the determination of what is temporary and what is not temporary should be any fixed time to be used as a rule of thumb in all cases. Actually, petitioner worked approximately 238 days on the telephone job during 1961. In Coburn v. Commissioner, supra, the taxpayer who had his domicile in New York City spent 263 days during the taxable year 1938 as an actor in California. In reversing our decision that California was Coburn's tax home, the Court of Appeals for the Second Circuit held that Coburn's employment in California "was only a temporary diversion from his life-long carreer on the legitimate stage" in New York City. Neither do we think that the fact that after petitioner recovered from his 3 months of illness in 1962 he was brought in Walsh's New York City office for some undisclosed portion of a period [5] from September 1962 to February 1964 controls in any way our determination of where petitioner's tax home was during the taxable year 1961. We think petitioner has brought himself within the rule of the Leach and Coburn *203 cases, supra. Accordingly, we hold and find that petitioner's assignment to the New York Telephone Company job in New York City in 1961 was a temporary rather than indefinite assignment; that petitioner's "home" during the year 1961 was in Walden, N. Y.; that while employed on the telephone job during 1961, petitioner was away from home in pursuit of a trade or business; and that petitioner was entitled to deduct the $2,500 he spent in 1961 for meals and lodging in New York City pursuant to the provisions of section 162(a)(2), supra. E. G. Leach and Coburn v. Commissioner, supra. Cf. Burns v. Gray; Wright v. Hartsell; and Harvey v. Commissioner, supra.
Decision will be entered for the petitioners. Footnotes
1. The stipulation reads "March 1962" instead of March 1942. In view of the remainder of the sentence following the semicolon, it is believed that 1962 is a typographical error and should be 1942. We have made a finding that it is 1942.
2. Internal Revenue Code of 1954: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩
3. In Harvey v. Commissioner, supra, it was said: An employee might be said to change his tax home if there is a reasonable probability known to him that he may be employed for a long period of time at his new station. What constitutes "a long period of time" varies with circumstances surrounding each case. If such be the case, it is reasonable to expect him to move his permanent abode to his new station, and thus avoid the double burden that the Congress intended to mitigate. On the other hand, if it is very likely that taxpayer's stay away from home will be short; then it seems quite unreasonable to expect him to move his domicile, even though it cannot be said that his employment will terminate "within a fixed or reasonably short period," to use the words of the Tax Court. ↩
4. We are fully aware that under certain circumstances a husband and wife filing a joint return may each have a separate tax home for the purpose of section 162(a)(2) but this is not such a case. Cf. Arthur B. Hammond, 20 T.C. 285, affirmed, 213 F. 2d 43 (C.A. 5); Robert A. Coerver, 36 T.C. 252, affirmed per curiam, 297 F. 2d 837↩ (C.A. 3).
5. For a part of this period he was in Ticonderoga, N. Y., a long distance from New York City.↩