ROBERT L. NEFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Neff v. Commissioner
Docket No. 8501-72.
United States Tax Court
T.C. Memo 1974-297; 1974 Tax Ct. Memo LEXIS 22; 33 T.C.M. (CCH) 1380; T.C.M. (RIA) 740297; November 27, 1974, Filed. Robert L. Neff, pro se. Curtis Liles, III, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, Judge: Respondent determined a deficiency of $1,484.27 in petitioner's 1968 Federal income tax. The issues presented for decision are: (1) Whether the petitioner is entitled to deduct the cost of his meals and lodging as an employee business expense; and (2) whether the petitioner is entitled to deduct the cost of transportation to and from his place of work as an employee *23 business expense. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts with the exhibits attached thereto are incorporated herein by this reference. Robert L. Neff, hereinafter referred to as the petitioner, resided at 26 Hideaway Terrace, Stuart, Florida, at the time his petition was filed. He had timely filed an individual income tax return for 1968 on which he indicated his home address as 11465 S.W. 42nd Street, Miami, Florida. The residence at the Miami address was a three-bedroom dwelling occupied by petitioner's brother, Donald Neff, and his family. Petitioner was a skilled crane operator engaged in the construction industry. Prior to and during the tax year in question, petitioner was a member of Local 675 of the International Union of Operating Engineers whose business office was located at 205 S.W. 23rd Street, Fort Lauderdale, Florida. Members of the local union, including petitioner, often obtained employment by referrals from the local union to construction sites in the area. Early in 1967, petitioner was referred to a job in Fort Myers, Florida, located approximately 127 miles from Miami, with the Bechtel Corporation. Petitioner *24 accepted this employment and began work on April 20, 1967. Prior to April 20, 1967, petitioner had resided in Miami and after that date he continued to receive mail and conduct some banking activity in that area. Some time subsequent to April 20, 1967, petitioner submitted a request for local employment (in the Miami-Fort Lauderdale area) to the business representative of Local 675. Under the provisions of the local union's by-laws then in force, the petitioner was prohibited from seeking other employment without the approval of the business representative. Petitioner remained at the Fort Myers construction site from April 20, 1967, until November 18, 1968. From April 20, 1967, until December 12, 1967, petitioner worked as a crane operator. From December 13, 1967, until petitioner terminated his employment on November 18, 1968, he was employed as a compression engineer. He also served as a union steward during the latter period. Petitioner resided in a local motel during the first five months of his employment in Fort Myers. Thereafter, petitioner resided continuously in an apartment in LaBelle, Florida, which was some 22 miles from Fort Myers.
Petitioner drove his own *25 automobile between his residence and the worksite since public transportation was unavailable. On some occasions, however, petitioner would share rides with a co-worker. Additionally, petitioner transported each day a metal tool box containing certain tools of his trade because storage facilities were not available at the job site. During petitioner's stay in Fort Myers, he returned most every weekend to Miami. Petitioner usually stayed at his brother's residence at 11465 S.W. 42nd Street where he shared a bedroom with one of his brother's three children. On a few occasions, petitioner would spend his weekends with his mother who also resided in Miami. Petitioner did not regularly pay rent to his brother, however he did contribute a small amount to his mother to supplement her income. During the period April 20, 1967, until November 18, 1968, petitioner neither owned nor leased property in Miami; nor did he have a private room for his personal use. Petitioner deducted $2,855.00 on his 1968 income tax return for the cost of meals and lodging while temporarily away from his home in Miami, and $2,218.00 for the costs incurred in transporting the necessary tools of his trade *26 to and from the worksite. OPINION Section 262 of the Internal Revenue Code of 1954[1] denies a taxpayer a deduction for "personal, living, or family expenses" unless expressly permitted by another section of the Code. Petitioner asserts that the provisions of section 162(a) (2) are applicable in this case, and therefore, he is entitled to deduct the costs of his meals and lodging for the relevant portion of 1968 as "traveling expenses" incurred "while away from home in the pursuit of a trade or business." A traveling expense is properly deductible under section 162(a) (2) when the taxpayer establishes the expense was (1) "a reasonable and necessary traveling expense," (2) incurred "while away from home,"" and (3) "incurred in pursuit of business." Commissioner v. Flowers, 326 U.S. 465 (1946). Respondent does not suggest that amounts claimed by petitioner were unreasonable nor that they were not incurred by this employee in the pursuit of business. The respondent focuses attention on the second condition and argues that petitioner was not "away from home" *27 as that term has been judicially construed. The term "home" (or "tax home") as used in section 162(a) (2) is a term of art which may or may not be the situs of a taxpayer's personal residence or the place he considers home because of familial or historical connections. This Court has traditionally defined "home," for purposes of section 162(a) (2), as the vicinity of the taxpayer's principal place of employment or post of duty. Edward F. Blatnick, 56 T.C. 1344 (1971); Ronald D. Kroll, 49 T.C. 557 (1968); Leo M. Verner, 39 T.C. 749 (1963); Floyd Garlock, 34 T.C. 611 (1960); Mort L. Bixler, 5 B.T.A. 1181 (1927). An exception to this rule exists where a taxpayer assumes "temporary," as distinguished from "indefinite" or "indeterminate," employment away from his permanent home. In that instance, the taxpayer's temporary place of work is not his "tax home" and the additional costs incurred at the second or temporary location are deductible as "away from home" expenses.See Peurifoy v. Commissioner, 358 U.S. 59 (1958), affirming per curiam 254 F.2d 483 (C.A. 4, 1957); Emil J. Michaels, 53 T.C. 269 (1969); *28 Kermit L. Claunch, 29 T.C. 1047 (1958), affd. 264 F.2d 309 (C.A. 5, 1959). Temporary employment is that in which termination within a short period can be foreseen. Beatrice H. Albert, 13 T.C. 129 (1949). Further, if circumstances change what was originally temporary employment to employment of indefinite or indeterminate duration, then the location of such employment becomes the taxpayer's "home." Ronald D. Kroll, supra, Leo M. Verner, supra.
The underlying purpose of the "away from home" statutory provision and the "tax home" doctrine is to mitigate the burden of a taxpayer who is required for business reasons to maintain two residences and, consequently, incur duplicate living expenses. Truman C. Tucker, 55 T.C. 783 (1971); Ronald D. Kroll, supra. In order for petitioner to prevail here, his burden of proof is two-fold: First, he must establish that his employment in Fort Myers was "temporary," and secondly, that he had a "home" in Miami to be "away from." In our opinion, petitioner has not sustained his burden in either respect. The evidence presented clearly indicates that petitioner's *29 employment in Fort Myers during the taxable year 1968 was "indefinite" or "indeterminate," and also that petitioner had no "home" in Miami during this period. We have no doubt that when petitioner accepted the referral to the job site in Fort Myers, his hope was that the employment would be, in fact, temporary. At some point during his duty in Fort Myers, petitioner requested local employment (in the Miami-Fort Lauderdale area) which evidenced petitioner's desire to leave Fort Myers and return to Miami. However, petitioner's desire is not the determinative factor. His desire for employment in the area where he had formerly resided does not make that his home for purposes of section 162(a) (2). Truman C. Tucker, supra.[2]
Neither Bechtel nor the union made any representations as to the duration of petitioner's employment in Fort Myers. The job itself was of such magnitude that it was reasonable to assume that a long and indefinite stay was likely. See Edward F. Blatnick, supra.The only reasonable conclusion is that petitioner's employment in Fort Myers was indefinite *30 and, consequently, his "home," for purposes of section 162(a) (2), from January 1 through November 18, 1968, was in the vicinity of his principal place of employment, i.e., Fort Myers. We so hold. We further hold that petitioner did not have a "home" in Miami during the period in question to be "away from." Whether "home" for purposes of section 162(a) (2) be construed as one's "principal place of employment" or, one's "abode at his principal place of employment," [3] we think petitioner had no "home" during the relevant portion of 1968 other than in the Fort Myers vicinity. The fact that the office of petitioner's union local was located in the Miami area, and that petitioner obtained *31 job referrals through that office, does not by itself render such locale petitioner's "home." See United States v. Mathews, 332 F.2d 91 (C.A. 9, 1964); Hollie T. Dean, 54 T.C. 663 (1970). Petitioner's place of employment was Fort Myers and it was from that location that he derived his income. Furthermore, petitioner did not incur additional or duplicate living expenses in Fort Myers for he had no continuing living expenses in Miami. Petitioner did not regularly pay rent nor does the record show he shared with his brother any of the normal living expenses such as the cost of food and utilities during his weekend trips to Miami. As was said in Andrzej T. Wirth, 61 T.C. 855, 859 (1974): A taxpayer cannot be "away from home" unless he has a "home"; stated otherwise, the "home" of a taxpayer without a permanent and fixed place of abode is located wherever the taxpayer happens to be. James v. United States, 308 F.2d 204, 207 (C.A. 9); Rosenspan v. United States, 438 F.2d 905, 912 (C.A. 2), certiorari denied 404 U.S. 864; United States v. Mathews, 332 F.2d 91, 93 (C.A. 9). Consequently, a *32 taxpayer has a "home" for the purpose of section 162(a) (2) only when he has incurred substantial living expenses at a permanent place of abode. James v. United States, supra, at 208. Finally, we find no support in the record for petitioner's contention that, because of his unmarried status, respondent held him to a higher or more stringent standard in showing the existence of a permanent tax home. Respondent has long recognized that an unmarried taxpayer can maintain a "home" from which business exigencies may require him to travel. See e.g., Rev. Rul. 73-529, 1973-2 C.B. 37; Rev. Rul. 60-189, 1960-1 C.B. 60, 68.
Upon consideration of all the facts and circumstances presented, we hold that petitioner is not entitled to deduct the costs of his meals and lodging incurred during the taxable year while employed in the Fort Myers area. We further hold that petitioner is not entitled to deduct the cost of transportation to and from his place of work. Expenditures incurred in commuting from one's residence to his place of employment are generally considered as nondeductible personal expenses. The fact that public transportation is inadequate *33 is not sufficient to change this conclusion. Where a taxpayer incurs additional expenses because he has to transport tools to work such additional costs may be deductible under section 162. Fausner v. Commissioner, 413 U.S. 838, 839 (1973), rehearing denied 414 U.S. 882. It is not enough, however, that the taxpayer merely demonstrate that he carried tools with him to and from his work. He must also show that additional costs were incurred by reason of his having to transport such tools. Fausner v. Commissioner, supra; Eugene G. Feistman, 63 T.C. [*] (filed Nov. 12, 1974).In the present case, petitioner has neither alleged nor established that additional costs were incurred in transporting his tools to and from his worksite. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Compare Michael Kaye, T.C. Memo. 1974-111↩ (Filed May 6, 1974). 3. See Curtis v. Commissioner, 449 F.2d 225 (C.A. 5, 1971), affirming a Memorandum Opinion of this Court; Jones v. Commissioner, 444 F.2d 508 (C.A. 5, 1971), affirming 54 T.C. 734 (1970); Burns v. Gray, 287 F.2d 698 (C.A. 6, 1961); United States v. Mathews, 332 F.2d 91 (C.A. 9, 1964); James v. United States, 308 F.2d 204 (C.A. 9, 1962). See also Rosenspan v. United States, 438 F.2d 905↩ (C.A. 2, 1971).