BEATRICE H. ALBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 25546.   Promulgated September 29, 1950.

*Louis Albert, Esq.*, for the petitioner.
*James R. McGowan, Esq.*, for the respondent.

BLACK, *Judge:* The questions which we have to decide in this proceeding may be stated as follows:

1. Does the doctrine of "collateral estoppel" apply to petitioner's claim to a deduction for the calendar year 1945 for room and meals in Lowell, Massachusetts, while away from her personal residence at Gloucester, Massachusetts, and for travel between these two cities, when a Tax Court decision has denied petitioner's claim to a deduction for similar expenses for the calendar year 1944 on evidence which is essentially the same as we have here?

2. Is the petitioner entitled to a deduction of $796.56 for the calendar year 1945 for room and meals in Lowell, Massachusetts, while

away from her personal residence at Gloucester, Massachusetts, and for travel between these two cities?

The issue of res judicata or estoppel by judgment is raised affirmatively by respondent in his answer and it has been stipulated that we may take judicial notice of the entire record in the former proceeding as if such record had been introduced in evidence and received in this proceeding.

Both parties in arguing this question of res judicata rely upon the Supreme Court's decision in *Commissioner* v. *Sunnen*, 333 U. S. 591. We think that case supports the Commissioner. In that case, among other things, the Supreme Court said:

> * * * Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. * * *

> *  *  *  *  *  *  *

> Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different. * * *

In the instant case, although the cause of action is different from that involved in *Beatrice H. Albert, supra*, because here the taxable year is 1945 whereas in the former proceeding the taxable year is 1944, yet the material facts which have been proved in each of the proceedings are the same. It is true that in our findings of fact in the former proceeding we had a finding which stated: "The record does not show whether or not the petitioner's husband was engaged in any trade or business during 1944." In the instant case we have made a finding from the evidence that: "The husband was a lawyer and supported the family as economic head of the household." Petitioner in her brief argues strongly that the evidence she has supplied in the instant case which enables us to make the foregoing finding is a substantial difference from that which we had before us in *Beatrice H. Albert, supra*, and, therefore, res judicata does not apply.

We do not agree that the difference is at all material to the issue which is involved in the present proceeding and which was also involved in the former proceeding and was there decided against petitioner. Whether petitioner's husband was employed in 1945 and supporting the household has no bearing on whether petitioner is entitled to the deductions which she here claims. We, therefore, think res judicata is applicable and we so hold.

However, even if we should decide that res judicata is not applicable our decision on the merits would be that petitioner is not entitled to the deductions which she claims. The reasons given by us in *Beatrice H. Albert, supra,* as to why the deductions there claimed were not allowable are equally applicable here and we need not repeat what we said there. Petitioner strongly contends that because she has proved in the instant case that her husband was employed in 1945 and the family home was at Gloucester, Massachusetts, this gives her the right to take the deductions which she claims. Petitioner, in arguing this point in her brief and in speaking of our decision in the former proceeding, among other things, says:

* * * It is almost inescapable that had it appeared that the husband was gainfully employed in 1944 the decision would have favored the petitioner. The record in the first case shows that the counsel for the petitioner was named Louis Albert but the marital relationship did not occur to the Court as an inferrable [sic] fact or, if it did, as a fact indicating that the husband was gainfully employed in 1944.

As we have already stated in discussing the issue of res judicata, we do not think it is at all material that petitioner's husband was employed in 1945 and living in Gloucester. Nothing that we said in our opinion in the first proceeding indicated that our decision was influenced by the fact that the record in that proceeding did not show whether or not the petitioner's husband was engaged in any trade or business during 1944. Petitioner's argument that our decision was influenced by such fact, we think, is made under a misapprehension.

In the recent case of *Andrews* v. *Commissioner*, 179 Fed. (2d) 502, affirming a memorandum opinion of our Court, the Fourth Circuit held that a taxpayer was not entitled to deduct rent, meals, and other miscellaneous expenses while employed in Washington, D. C., on an indefinite "war service" appointment, a period during which he maintained his family in the home occupied by them during his previous employment in Boston, Massachusetts. It is true that in the *Andrews* case the taxpayer was the husband and, therefore, the head of the household, whereas the taxpayer here is the wife and not the head of the household, but we are unable to see where that makes any difference in deciding the issue which we have here to decide. There are some cases involving other questions where such a difference in the facts might be important, but not here.

Therefore, even if we should assume that res judicata is not applicable and that our decision should be on the merits, we hold that petitioner is not entitled to the deductions which she claims.

*Decision will be entered for the respondent.*