**Luke E. O'TOOLE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 144, Docket 24221.**

United States Court of Appeals Second Circuit.

Argued March 15, 1957.

Decided April 8, 1957.

Luke E. O'Toole, pro se.

Charles K. Rice, Asst. Atty. Gen., Department of Justice, Washington, D. C. (Lee A. Jackson, I. Henry Kutz and Kenneth E. Levin, Attorneys, Department of Justice, Washington, D. C., of counsel, on the brief), for respondent.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

PER CURIAM.

During the years 1950 and 1951 the petitioner maintained a home at Laurelton in Queens County, New York for his wife and children. From April 1, 1950 until after the close of 1951, the petitioner was employed at the President Hotel in Long Beach, New York, about 15 miles from his Laurelton home. The petitioner's employer required him to reside at the hotel during the five or six days per week that he worked there. A room was furnished by the hotel for living accommodations.

In filing his tax returns for the years 1950 and 1951 O'Toole entered as deductions the traveling expenses between Laurelton and Long Beach, and the cost of his maintenance at Long Beach. Although the petitioner admitted by stipulation, that part of the deductions, representing railroad fares from Long Beach to Laurelton, should be disallowed, he maintains that expenses of $710. and $800. for meals while employed at Long Beach, during 1950 and 1951 respectively, are deductible under § 23(a) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23(a) (1) (A). That section allows as deductions:

> "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *"

Upon these facts the Tax Court found that petitioner's home, for the purpose of the statute, was at Long Beach where he was engaged in full time employment and that petitioner's maintaining another home at Laurelton was "immaterial." Thus the expenses were not incurred "while away from home in the pursuit of a trade or business." This finding is clearly correct.

Though we are becoming more and more a nation of city-hoppers and commuters, "traveling expenses" including meals, which are incurred in the suburban and exurban commuters' pattern of life are not deductible if they arise from the taxpayer's choice not to bring his home close to his place of work. "Home" as used in the statute means the taxpayer's principal place of business or employment. The job, not the taxpayer's pattern of living, must require the traveling expenses. Carragan v. Commissioner of Internal Revenue, 2 Cir., 1952, 197 F.2d 246, 249; Commissioner of Internal Revenue v. Flowers, 1946, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203.

The judgment is, therefore, affirmed.