ROBERT A. COERVER AND MARGARET M. COERVER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80274.   Filed May 12, 1961.

*William H. Foulk, Esq.,* and *Robert W. Wakefield, Esq.,* for the petitioners.

*Joseph S. Mangano, Esq.,* for the respondent.

### OPINION.

MULRONEY, *Judge:* The respondent determined deficiencies in the petitioners' income tax for the years 1956 and 1957 in the respective amounts of $954.11 and $1,097.61.   The only issue is whether the petitioners are entitled to deductions for travel expenses in the years 1956 and 1957 in the amounts of $2,806.22 and $3,306.67, respectively.

All of the facts have been stipulated and they are hereby incorporated by this reference.

Robert A. Coerver and Margaret M. Coerver, husband and wife, are residents of Wilmington, Delaware.   They filed joint income tax returns for the years 1956 and 1957 with the district director of internal revenue for the district of Delaware, at Wilmington, Delaware.

Robert and Margaret were married on November 19, 1955, at which time Robert was employed in the engineering department of E. I. duPont de Nemours & Company (hereinafter called the duPont Company) in Wilmington, Delaware.   He was first employed by the duPont Company in 1940, and in January 1945 he moved to Wilmington, where he has continued to maintain his residence throughout the years here involved.   His compensation from the duPont Company in 1956 and 1957 was $21,007 and $20,356, respectively.

Margaret has been employed by the investment banking firm of Morgan, Stanley & Co. in New York City, as its receptionist, since February 1943.   Her salary during the years 1956 and 1957 was $2,880 and $3,000, respectively, and in addition she received bonuses of $1,275 and $2,100 in the respective years 1956 and 1957.   In connection with this employment, Margaret received the following additional benefits: (1) Life insurance in the amount of $8,000, with double indemnity for accidental death; (2) comprehensive medical expense benefits; (3) expanded Blue Cross and Blue Shield; and (4)

the right to pension upon retirement at age 65 (or earlier after age 55 with the consent of the employer) equal to 1½ percent of her annual salary (exclusive of bonus payments) multiplied by her years of service.

Margaret has maintained an apartment in New York City since 1946, and she continued to maintain this apartment after her marriage to Robert. During the years 1956 and 1957 she paid rent for this apartment in the amounts of $1,082.40 and $1,288.71, respectively. She occupied this apartment 159 nights in 1956 and 145 nights in 1957. During the years 1956 and 1957 Margaret incurred the following expenses in maintaining her New York apartment and other incidental expenses:

|  | 1956 | 1957 |
|---|---|---|
| Food | $622.00 | $618.00 |
| Electricity | 80.12 | 73.98 |
| Telephone (to and from Wilmington) | 161.50 | 208.42 |
| Taxi | 206.00 | 246.20 |
| Tips and miscellaneous | 60.00 | 60.00 |

During 1956 and 1957 Margaret spent 227 and 232 days, respectively, in attending to her duties in New York. She made 68 trips between Wilmington and New York by rail during 1956 at a cost of $594.20, and 90 trips during 1957 at a cost of $811.46.

During the years 1956 and 1957 Robert had no assignments by his employer of duty in New York City.

In the joint income tax returns filed by Robert and Margaret for 1956 and 1957, a deduction was claimed, as traveling expenses, for the expenditures (listed above) incurred by Margaret in New York for rent, railroad fares, taxi fares, food, electricity, telephone, and tips in the total amount of $2,806.22 in 1956 and $3,306.67 in 1957. Respondent disallowed these deductions in full with the explanation that they were personal expenditures within the meaning of section 262 of the Internal Revenue Code of 1954.[1]

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business." It must be shown, then, that Margaret's expenses were "away from home" in order to be deductible as traveling expenses. *Commissioner* v. *Flowers*, 326 U.S. 465. The word "home" in this statutory context means the taxpayer's principal place of business or employment. *O'Toole* v. *Commissioner*, 243 F. 2d 302, affirming a Memorandum Opinion of this Court; *Raymond E. Kershner*, 14 T.C. 168.

---

[1] All section references herein are to the Internal Revenue Code of 1954, as amended.

It is clear in this case that Margaret's principal place of business or employment was New York City. She has been working there as a receptionist for the same employer since 1943. Quite obviously her expenditures for rent and other living expenses in New York were not incurred "away from home" within the meaning of section 162(a), but were nondeductible personal or living expenses. Sec. 262. Similarly, her train fares to Wilmington were in no way connected with her employment, but were undertaken for purely personal reasons. Margaret and Robert chose to live near their respective places of employment, and, consequently, Margaret was forced to incur these frequent trips. Nothing in her job required these trips and, as the Court of Appeals stated in the *O'Toole* case, "The job, not the taxpayer's pattern of living, must require the traveling expenses."

Petitioners argue that since they filed a joint tax return for the years 1956 and 1957, they are to be considered as a "taxable unit" and as though the returns were made by a "single individual" and that the home of this "single individual" is the home of the husband, because of a purported right in the husband to choose the marital domicile.

There is no merit in the above argument. It may be true that a joint return is to be treated as the return of a "taxable unit" and as though it were made by a "single individual," but this merely means that the husband and wife are permitted to aggregate their income and deductions in a joint return. *Taft* v. *Helvering*, 311 U.S. 195. This may have the result, in some instances, of permitting the losses or deductions of one spouse to offset the income of the other spouse, *Helvering* v. *Janney*, 311 U.S. 189, *Taft* v. *Helvering*, *supra*, but each spouse must first be entitled to a particular deduction before it can be aggregated. The concept of a "taxable unit" under the joint return provision, section 6013, merely means that while there are two taxpayers on a joint return, there is only one taxable income. It does not create a new tax personality which would be entitled, in its own right, to deductions not otherwise available to the individual spouses under the pertinent sections of the statute.

We need only to add that since there is no indication in the record that Margaret was gainfully employed in Wilmington as well as in New York, the cases cited by petitioner involving the traveling expenses of a taxpayer with multiple occupations in different cities are not applicable here. See *Joseph H. Sherman, Jr.*, 16 T.C. 332.

We sustain the respondent.

*Decision will be entered for the respondent.*