Robert L. Schmidt and Carole J. Schmidt v. Commissioner.
Schmidt v. Commissioner
Docket No. 3044-65.
United States Tax Court
T.C. Memo 1967-14; 1967 Tax Ct. Memo LEXIS 246; 26 T.C.M. (CCH) 93; T.C.M. (RIA) 67014; January 30, 1967
Robert L. Schmidt, pro se, 420 N. Washington Street, Watertown, Wis. Gerald P. Moran, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent *247 determined overassessments in petitioners' Federal income tax for the years 1960 and 1961 of $23.95 and $9.05, respectively. Respondent also determined deficiencies in petitioners' Federal income tax for the years 1962 and 1963 of $72.94 and $212.17, respectively. Petitioners petitioned this Court with respect to the years 1960 through 1964, inclusive. On the motion of the respondent and pursuant to a final order of this Court dated October 19, 1966, it was ordered that this case be dismissed for lack of jurisdiction insofar as it relates to the years 1960, 1961, and 1964. The jurisdiction of this Court is, therefore, limited to the taxable years 1962 and 1963. The sole issue for determination is whether Robert L. Schmidt has incurred deductible expenses for travel "away from home" within the meaning of section 162(a)(2) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Robert L. Schmidt (hereinafter referred to as petitioner) and Carole J. Schmidt, husband and wife, are residents of Watertown, *248 Wisconsin. They filed their joint Federal income tax returns for the years 1962 and 1963 with the district director of internal revenue at Milwaukee, Wisconsin. Petitioner was employed by the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (hereinafter referred to as the railroad) during the years in issue as an Assistant Engineer-Communications. Petitioner's duties in this capacity included the repair and maintenance of the company's communications equipment, such as telephone, telegraph, radio, and similar equipment. Petitioner was paid a monthly salary and performed services for the railroad during a 40-hour work week - Monday through Friday - in Chicago, Illinois. He was not required to report to duty at any other time or place except as might be required in case of an emergency. Petitioner was, however, subject at all times to calls to duty wherever communications equipment problems were located. During the years 1962 and 1963 petitioner resided in Chicago from Monday through Friday, traveling to his family home in Watertown, Wisconsin, on Friday and remaining there until Monday morning, when he returned to Chicago. These weekend trips to Watertown were not required *249 by the railroad and were the personal preference of the petitioner. During these weekend periods petitioner's only obligation to his employer was to supply it with information as to where he could be reached in case of emergency. [1] It is immaterial to his employer whether petitioner remains in Chicago or travels to Watertown on the weekends so long as the railroad is able to contact him should an emergency arise. Petitioner's expenses incurred in maintaining a residence at Watertown, Wisconsin, or his separate residence in Chicago, Illinois, during the periods here involved are not paid by his employer. However, petitioner is reimbursed by his employer for all travel away from Chicago or Watertown for the purpose of communications equipment repair. On his income tax return for the year 1962, petitioner deducted as expenses incurred for travel away from home $846, representing the cost of residing in Chicago during his normal work week. On his return for the *250 year 1963, petitioner claimed as a deduction the following estimated costs of spending each weekend at Watertown: Meals
$6.05 X 52 weeks
$314.60
Lodging
6.00 X 52 weeks
312.00
Travel Expense
7.15 X 52 weeks
371.80
Total
$998.40
Petitioner, on his Federal income tax return for the year 1962, claimed as a deduction the expenses incurred while living and working in Chicago on the theory that they were incurred while traveling away from home. In the pleadings, however, petitioner does not raise the issue that these expenses should be deductible and at the trial herein offered no evidence as to the amount of his expenses while in Chicago. We will, therefore, consider this contention as having been abandoned. [2]
Ultimate Finding of Fact Petitioner's expenses incurred in traveling to the family home in Watertown, Wisconsin, were not incurred in the pursuit of his trade *251 or business; rather, they were incurred for personal reasons. Opinion The sole issue for decision in the years 1962 and 1963, therefore, is whether petitioner incurred deductible traveling expenses when he traveled to and stayed at his family home on the weekends and then returned to Chicago, his principal place of employment, on Monday. In order to deduct traveling expenses under section 162(a)(2) of the Internal Revenue Code of 1954, [3] petitioner must establish: (1) that his expenses were ordinary and necessary; (2) that the expenses were incurred while away from home; and (3) that he incurred the expenses in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465 (1946); Kenneth H. Hicks, 47 T.C. 71 (1966); Henry C. Deneke, 42 T.C. 981 (1964). Respondent contends that on the facts before us the weekend expenses were not incurred in the pursuit of a trade or business and, secondly, that the amounts claimed were not substantiated. We agree with respondent's first contention and hold accordingly. *252 Though petitioner was subject to call at all times, he was not required by his employer to spend his weekends in any particular place. Specifically, it has not been shown that petitioner's employer required him to travel to Watertown on the weekends. These trips were made for the purely personal reasons of the petitioner and not at the behest of his employer. The costs of travel to and from the family residence each weekend, therefore, were not in any way connected with the petitioner's trade or business, nor were the living expenses incurred while there. They were all nondeductible personal expenses within section 262 of the Internal Revenue Code of 1954. [4]
The case at bar is squarely within the rationale of the Supreme Court's landmark decision in Commissioner v. Flowers, supra. In that case, the Court limited deductible travel expenses as follows: Travel expenses in pursuit of business within the meaning of sec. 23(a)(1)(A) [now section 162(a)(1) and (2)] could arise only when the railroad's *253 business forced the taxpayer to travel * * *, thereby advancing the interests of the railroad. Business trips are to be identified in relation to business demands and the traveler's business headquarters. The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors. Such was not the case here. [Commissioner v. Flowers, supra, at 474.] See also Beatrice H. Albert, 13 T.C. 129 (1949), and the same issue for a later year, 15 T.C. 350 (1950). Having held that the expenses were not incurred in the pursuit of a trade or business and are, therefore, not deductible under section 162(a)(2), we need not consider respondent's other contention that the expenses were not substantiated. Decision will be entered for the respondent. Footnotes
1. Petitioner testified that he was called to duty for emergency repairs on the weekends no more than three times, and it is not certain whether any of those duty calls occurred during the taxable years 1962 and 1963.↩
2. In a refund claim filed with the district director for the year 1962, petitioner requested that his return for that year be corrected by deleting the deduction claimed for the Chicago expenses and by inserting instead the expenses incurred on his weekend trips to and at Watertown.↩
3. Sec. 162(a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. Section 4(b), Revenue Act of 1962, 76 Stat. 960, amended Code section 162(a)(2)↩ by striking out "(including the entire amount expended for meals and lodging)" and inserting in lieu thereof "(including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances)" effective for taxable years ending after December 31, 1962.
4. Sec. 262↩. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.