Earl Curtis v. Commissioner.
Curtis v. Commissioner
Docket Nos. 5070-68, 1883-69SC.
United States Tax Court
T.C. Memo 1970-299; 1970 Tax Ct. Memo LEXIS 62; 29 T.C.M. (CCH) 1387; T.C.M. (RIA) 70299; October 26, 1970. Filed Earl Curtis, pro se, 817 Quinlan St., Kerrville, Tex. Robert J. Curphy, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined deficiencies in the income tax of the petitioner of $370.23 for 1965, $327.07 for 1966, and $336.00 for 1967. The issue for decision is whether the petitioner's living expenses in Dolton, Illinois, are deductible as amounts paid while away from home in the pursuit of a trade or business under section 162 of the Internal Revenue Code of 1954. [1] The answers depends upon whether the petitioner's "home" for tax purposes during those years was located in Kerrville, Texas, *63 as he claims, or in Dolton, Illinois, as the respondent has determined. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner, Earl Curtis, filed separate Federal income tax returns for the taxable years 1965, 1966, and 1967 with the district director of internal revenue, Austin, Texas. The parties have agreed that the United States Court of Appeals for the Fifth Circuit shall have jurisdiction of any petition for review of the decision in this case. The petitioner and his wife, Dorothy M. Custis, acquired a residence in Kerrville, Texas, in 1949. They have continued to own such residence since that time. The petitioner, who is now retired, was a pipefitter by trade. In 1947, a "right-to-work law was enacted in Texas. [2] Since then, the petitioner has not worked in Texas, because he could find no work there at the wage level approved by his union. He subsequently worked in a number of different states, the last of which was Illinois. From 1964 to the time of his *64 retirement in September 1968, the petitioner was a member of Local Union No. 597 of the Pipefitter's Association, located in Chicago, Illinois. In 1965, the petitioner worked at 7 different jobs, the durations of which ranged from 1 week to 16 weeks. In 1966, he worked at 10 jobs, with durations ranging from 1 week to 11 weeks. In 1967, he worked at 9 jobs, with durations ranging from 2 weeks to 18 weeks. The distances between each of these jobsites and Dolton, Illinois, ranged between 1 mile and 22 1/2 miles. During the years 1965 through 1967, and until the time of his retirement in 1968, the petitioner lived in four successive houses in Dolton, Illinois, which he rented on a month-to-month basis. During some of that time, one of his two sons lived with him. The petitioner at first rented a furnished house, but later supplied his own furniture. During those years, he maintained a Texas driver's license. He did not vote in those years, either in Illinois or in Texas. 1388 Mrs. Curtis continued to live at the Kerrville residence. An important reaons for her refusing to go elsewhere was the beneficial effect of that climate on her health. That residence consisted of two buildings *65 - a house and a separate apartment unit. During 1965, 1966, and 1967, Mrs. Curtis rented the house and lived in the apartment unit. When the house was rented, a room and bed were reserved in the apartment unit for the petitioner. The petitioner took income tax deductions for his living expenses in the amounts of $1,175 in 1965, $1,200 in 1966, and $1,200 in 1967. He spent at least those amounts for rent and utilities at the houses in Dolton. Opinion Section 162(a)(2) allows a taxpayer to deduct ordinary and necessary traveling expenses, including amounts expended for lodging, paid or incurred while away from home in the pursuit of a trade or business. The petitioner has expended certain amounts for lodging which he maintained in Dolton, Illinois, while he pursued his trade in the nearby areas. The deductibility of such amounts depends upon whether he was "away from home" while in Dolton. Ordinarily, a taxpayer's "home" for purposes of section 162(a)(2) is considered to be in the vicinity of his principal place of employment. Emil J. Michaels, 53 T.C. 269, 273 (1969); Rendell Owens, 50 T.C. 577, 580 (1968); Ronald D. Kroll, 49 T.C. 557, 561-562 (1968); *66 Floyd Garlock, 34 T.C. 611, 614 (1960); Mort L. Bixler, 5 B.T.A. 1181, 1184 (1927). If a taxpayer for personal reasons chooses to reside in a different vicinity than that of his principal employment, his residence is not recognized as his home for tax purposes. Commissioner v. Flowers, 326 U.S. 465 (1946), rehearing denied 326 U.S. 812 (1946); Lloyd G. Jones, 54 T.C. 734, 740 (1970), on appeal (C.A. 5, Aug. 20, 1970). Only when a taxpayer is working in an area temporarily, at a place removed from his personal residence, can he deduct his lodging expenses in the vicinity of his temporary employment. Hollie T. Dean 54 T.C. 663 (1970); Emil J. Michaels, supra; Laurence P. Dowd, 37 T.C. 399 (1961). Although the petitioner argues that he maintained his home in Kerrville at all times, he has completely failed to show any reasons, other than personal considerations, for maintaining that residence. He had not worked in Texas for about 18 years prior to the start of the period here in issue, and clearly had no intention of ever returning to Texas to work. Further, the record does not *67 demonstrate that he spent any time in Kerrville during 1965, 1966, or 1967. On the contrary, his work in Dolton was more than temporary. Through the years 1965, 1966, and 1967, and for some months thereafter, the petitioner worked in one, and only one, geographic area: the vicinity of Dolton. The record does not establish that his work took him farther than 22 1/2 miles from Dolton at any time during those years. The union local to which he belonged, and which apparently assisted his in finding work, was situated nearby in Chicago. Also, he actually lived in Dolton, maintaining a succession of rented houses during that time, and one of his sons lived with him for some time. The petitioner stresses the fact that the jobs on which he worked were temporary in nature. This Court has held that a taxpayer who is kept away from his family residence because of his work at a series of temporary jobs in disparate georgraphical areas is considered "away from home" while so employed. Hollie T. Dean, supra.However, in the present case, the petitioner lived and worked within the same area and no other for a protracted length of time. Tax relief is granted to taxpayers who are *68 temporarily away from home for business reasons "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Ronald D. Kroll, supra at 562. There is no showing that duplicate living expenses were required by the petitioner's employment. With all of his employment in a single area for a period of close to 4 years, the petitioner could have moved his residence to that area. In fact, the petitioner testified that his wife did not join him because of her health, and such a reason is clearly personal. The fact of Mrs. Curtis' continued residence in Kerrville lends no substantial support to the 1389 petitioner's argument, because it is settled that a husband and wife can have different tax homes. Ronald D. Kroll, supra at 565; Robert A. Coerver, 36 T.C. 252 (1961), affd. per curiam 297 F. 2d 837 (C.A. 3, 1962); Arthur B. Hammond, 20 T.C. 285 (1953), affd. 213 F. 2d 43 (C.A. 5, 1954); Beatrice H. Albert, 15 T.C. 350 (1950). Under these circumstances, we find that the *69 petitioner's "home" within the meaning of section 162(a)(2) was in Dolton, Illinois, Center Moriches, New York, at the time during the taxable years 1965, 1966, and 1967. The petitioner alleges also that he incurred lodging expenses with respect to jobs which were located more than 25 miles from Dolton, thereby requiring him to rent a hotel or motel room overnight. However, no specific evidence of any sort was presented with respect to this claim. Furthermore, the list of jobs which the petitioner prepared does not disclose any which were located that far from Dolton. Therefore, this claim is also without merit. To reflect other concessions by the parties, Decisions will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. Article 5207-A, Vernon's Annotated Texas Statutes.↩