Richard W. Beebe and Beverly D. Beebe v. Commissioner.
Beebe v. Commissioner
Docket No. 4112-70 SC.
United States Tax Court
T.C. Memo 1971-330; 1971 Tax Ct. Memo LEXIS 1; 30 T.C.M. (CCH) 1431; T.C.M. (RIA) 71330; December 30, 1971, Filed. Richard W. Beebe, pro se, R.D. #2, Spencer, N. Y. John D. Steele, Jr., for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for the year 1966 in the amount of $531.86. Concessions having been made, the one issue remaining is whether the petitioner was "away from home in the pursuit of a trade or business" under the provisions of section 162(a)(2). [1]
Findings of Fact Richard W. Beebe (hereinafter referred to as the petitioner) and Beverly D. Beebe are husband and wife and resided at R.D. #2, Spencer, New York, at the time the petition was filed. They filed a timely joint Federal income tax return for the taxable year 1966 with the District Director of Internal Revenue at Buffalo, New York. The petitioner and his wife are both originally from *3 the Spencer, New York, area. During his childhood and through his attendance at high school and college, the petitioner lived in Spencer. After graduating from college in 1961, the petitioner worked for about six weeks in the Cooperstown, New York, area. Then, he took a job with the Bendix Corporation in Elmira, New York. He left Bendix in October of 1963 and went with WER Industrial Corporation, also located in Elmira. In December of 1963, WER moved to Buffalo, New York. The petitioner moved to Buffalo with his family to live and work and purchased a home there. The petitioner felt that WER was a promising company and he would stay with them. However, in about May of 1966 he became dissatisfied with his employment, sold his home, and moved back to Spencer. For approximately four weeks, the petitioner sought employment in the Spencer area. Unable to find a job, he accepted a position with Consultants and Designers (hereinafter referred to as Consultants), a technical service organization located in New York City. Petitioner was hired as a mechanical design engineer. At the time he was hired by Consultants, the petitioner was told they needed a man to provide services to the Eastman *4 Kodak Corporation in Rochester, New York. He was also told that the job was temporary and would be of short duration - perhaps three months. He was informed that since he would be living away from home, Consultants would 1432 give him a subsistence allowance of $56 a week. In December of 1966, the petitioner purchased a home in Spencer. While working for Consultants at Rochester, the petitioner drove 120 miles to the job site each Monday and returned home to Spencer on Fridays to be with his wife and children. During the week, when he remained in Rochester, he initially stayed at a tourist home. Approximately four or five weeks later, he moved to a sleeping room which he kept until the job ended. During 1966, the petitioner received $1,335.20 in per diem allowances from Consultants. In addition, he spent $1,248.10 for travel expenses between Spencer and Rochester. Petitioner continued to work for Consultants all through 1966 and up until October of 1968. For about eight weeks, he sought another job in the Spencer area. He could not find one and went back to work for Consultants on the Rochester project until June of 1969, when the project ended. Then, he was assigned by Consultants *5 to another project at Ann Arbor, Michigan, for about three months. After it ended, he left Consultants and, after six weeks, found employment in the Spencer area. Opinion This case presents the recurring question of whether or not the petitioner was "away from home" in pursuit of a trade or business within the meaning of section 162(a)(2) [2] and the applicable regulations. [3] If he was not, then the travel expenses cannot be deducted and the per diem allowances received by him constitute additional income to him under section 61 [4] since they are personal in nature within the ambit of section 262. [5] In Commissioner v. Flowers, 326 U.S. 465 (1946), the Supreme Court set down three conditions which must be satisfied before a taxpayer can deduct travel expenses under section 162(a)(2). They are: (1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling. (2) The expenses must be incurred "while away from home." (3) The expenses must be incurred in pursuit of business. This means that there must be a connection *6 between the expenditure and the carrying on of the trade or business of the taxpayer or his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade. *7 The Tax Court in applying Flowers, supra, has held that where a taxpayer accepts "temporary" as opposed to "indefinite" employment away from his place of residence he could not have reasonably been expected to establish a residence at the place of employment and that therefore his traveling expenses were incurred while away from home and are deductible. James E. Peurifoy, 27 T.C. 149 (1956), reversed 254 F. 2d 483 (C.A. 4, 1957), affirmed per curiam 358 U.S. 59. As to what is meant by a taxpayer's "home", many courts, including the Tax Court, have held that the word "home" means place of business or employment. Emil J. Michaels, 53 T.C. 269 (1969); Rendell Owens, 50 T.C. 577 (1968); Ronald Kroll, 1433 49 T.C. 557 (1968); Floyd Garlock, 34 T.C. 611 (1960); Commissioner v. Stidger, 386 U.S. 287 (1967). The Second Circuit had previously taken this view. O'Toole v. Commissioner, 243 F. 2d 302 (C.A. 2, 1957); Coburn v. Commissioner, 138 F. 2d 763 (C.A. 2, 1943). However, in the recent case of Rosenspan v. United States, 438 F. 2d 905 *8 (C.A. 2, 1971), the Second Circuit defined "home" as meaning the taxpayer's residence. In addition, in Six v. United States, 322 F. Supp. 547 (C.A. 2, 1971), it reiterated its position, noting that the "temporary" versus "indefinite" test can be applied not only in ascertaining a taxpayer's "tax home" but also in determining whether the expenses were incurred "in pursuit of business". Since Rosenspan and Six are squarely in point and an appeal in this case would be filed in the Second Circuit, this Court will follow those decisions for the purpose of this case. Jack E. Golsen, 54 T.C. 742, 756 (1970). Here then, even though he had only resided there three or four weeks prior to taking a job with Consultants, the evidence clearly shows that the petitioner established his residence in Spencer, New York, before he began working for Consultants. He sold his home in Buffalo, moved his family to Spencer, and later purchased a home there. He obviously intended to remain there, especially when one recognizes that he and his wife were originally from Spencer. The precise issue remaining is whether the petitioner was away from home "temporarily" or for an "indefinite" *9 or "indeterminate" period of time. Certainly, the record in this case presents a close question on this point. For on the one hand, Consultants believed the job to be temporary at least by their standards, and the petitioner was told the job in Rochester would be of short duration. There is nothing in the record to dispute these facts. It would be unreasonable to except the petitioner to immediately move from Spencer in these circumstances. On the other hand, the petitioner continued to work in Rochester long past the three-month period he originally spoke of and the record is devoid of any attempts on his part to leave the job or ascertain why it was taking so long. This would indicate the petitioner at some point in time decided he wanted to remain in Spencer as a matter of personal choice, even though the job had become "indefinite" rather than "temporary". This and other points are ably presented in the respondent's brief. However, because the petitioner did not begin to work for Consultants until May of 1966, and in view of the provisions of Rev. Rul. 60-189, C.B. 1960-1, p. 60, [6] the petitioner's employment with Consultants in 1966 was temporary and his expenses *10 were incurred while "away from home". While at some point there may well have been a change from a temporary to a nontemporary status, it did not occur in 1966, the year before the Court. Cf. Emil J. Michaels, supra.Consequently, the expenses the petitioner claimed in 1966 are deductible and under section 62(2)(B) [7] offset the per diem allowances paid to him. *11 1434 Reviewed and adopted as the report of the Small Tax Case Division. Concessions having been made, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * ↩
3. Sec. 1.262-1. Personal, living, and family expenses. (a) In general. - In computing taxable income, no deduction shall be allowed, except as otherwise expressly provided in chapter 1 of the Code, for personal, living, and family expenses. (b) Examples of personal, living, and family expenses. - Personal, living, and family expenses are illustrated in the following examples: * * * (5) Expenses incurred in traveling away from home (which include transportation expenses, meals, and lodging) and any other transportation expenses are not deductible unless they qualify as expenses deductible under section 162, § 1.162-2, * * *. The costs of the taxpayer's lodging not incurred in traveling away from home are personal expenses and are not deductible unless they qualify as deductible expenses under section 217. Except as permitted under section 162, 212, or 217, the costs of the taxpayer's meals not incurred in traveling away from home are personal expenses. ↩
4. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived * * *. ↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
6. Rev. Rul. 60-189. Treatment, for Federal income tax purposes, of traveling expenses of certain construction workers. * * * Although neither the Service nor the courts have attempted to prescribe any specific length of time as representing the usual line of demarcation between temporary and nontemporary periods for traveling expense purposes, an employment or stay of anticipated or actual duration of a year or more at a particular location must be viewed by the Service as strongly tending to indicate presence there beyond a temporary period, and cases involving such an employment or stay will normally for that reason alone be subjected to close scrutiny. Cases involving anticipated or actual periods of almost a full year may, as a factual matter, be open to question in nearly the same degree, especially since there might be little real difference between a taxpayer's expectations in such a case and one in which his employment or stay at a particular location is expected to continue for a year or more. * * * * * * * * * in the absence of clear evidence to the contrary, it is normally to be presumed from common experience that a man with a wife and children would prefer to work regularly in or near the locality where his family resides so that he may be with them during off-duty hours. That a worker has a family with a fixed residence should therefore tend to show that he takes jobs at distant points for business rather than for personal reasons. Should his case present the additional fact that there is a shortage of work in the locality where the family resides, or a shortage of sufficient work there to provide year-round employment, there would be even stronger reasons to conclude that the jobs are taken elsewhere for business rather than for personal reasons. In the absence of persuasive evidence to show otherwise, it would be reasonable to conclude on such facts that the taxpayer is not an itinerant worker but has a "home" for traveling expense purposes in the locality where he normally lives with his family and makes his employment contacts, and also that his employments elsewhere are "in pursuit of business" under the third condition of the Flowers rule. ↩
7. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For purposes of this subtitle, the term "adjusted gross income" means, in the case of an 1434 individual, gross income minus the following deductions: * * * (2) Trade and business deductions of employees. - * * * (B) Expenses for travel away from home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee.↩