JAMES E. CAREY AND JEAN CAREY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carey v. Commissioner
Docket No. 1002-78.
United States Tax Court
T.C. Memo 1981-708; 1981 Tax Ct. Memo LEXIS 27; 43 T.C.M. (CCH) 96; T.C.M. (RIA) 81708; December 17, 1981. James E. Carey, pro se. Barbara T. Kaplan, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, *28 Judge: This case was assigned to and heard by Special Trial Judge Francis J. Cantrel pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, as amended, [1] and General Order No. 6 of this Court, 69 T.C. XV. [2] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CENTREL, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $ 394.00. Agreements having been made by the parties, the issues for decision are whether petitioners are entitled to ordinary and necessary business expense deductions for educational expenses and for unreimbursed business expenses under section 162. FINDINGS OF FACT Some of the facts have been stipulated by the parties. The stipulation of facts and attached exhibits *29 are incorporated herein by this reference. Petitioners resided at 127 West 79th Street, New York, New York, [3] on January 27, 1978, the date on which they filed an imperfect petition. An amended petition was filed on March 30, 1978. Petitioners filed a joint Federal income tax return for the year 1975 with the Internal Revenue Service Center at Holtsville, New York, on November 1, 1976. [4]
At trial petitioner, with permission of the Court, orally amended his pleadings to change the amount of claimed deductions from $ 1,857.00 to $ 1,890.00 for education expenses and from $ 820.00 to $ 718.00 for unreimbursed business expenses. [5]
*30 Petitioner, a graduate of Georgetown University, was employed with Chase Manhattan Bank, N.A. (Chase Manhattan), in its two-phase credit training program from December 1971 through August 1972. The program, which is designed as a training program for the position of lending officer, was divided into two parts. Phase I, the statement analysis phase, is "designed to equip the statement analyst with the necessary knowledge and skills to appraise loan proposals for all types of commercial, industrial and financial concerns." The second phase involved credit analysis, and the completion of both parts was necessary to complete the training program. Many colleagues in the training program with petitioner in 1972 had a masters of business administration (M.B.A. degree). In August 1972 petitioner took a leave of absence from Chase Manhattan with an informal understanding that he could return. At that time petitioner had completed only one phase of Chase Manhattan's training program. Petitioner then enrolled as a full-time student in the Graduate School of Architecture at the University of Pennsylvania and remained in that program until December 1973. In that program petitioner was seeking *31 a joint degree in architecture and business. Petitioner left the University of Pennsylvania without receiving a degree, and in January 1974 he enrolled in the Graduate School of Business at Columbia University (Columbia). Petitioner attended Columbia until May 1975, at which time he received a M.B.A. degree in finance. While at Columbia petitioner paid his tuition with student loans through either New York state higher education loans or loans from Banker's Trust Company. Upon graduating from Columbia petitioner commenced employment with Dillon, Read & Co., Inc. (Dillon, Read), as an associate investment banker. Although the work involve the same industry and the position was similar to that petitioner had held at Chase Manhattan, Dillon, Read required a M.B.A. degree as a prerequisite to employment but also paid a higher salary. During November-December 1975 petitioner was in Vienna, Austria, on a business trip as an employee for Dillon, Read. Petitioner stayed at the Hotel Sacher, and on his hotel bill he accumulated phone charges of $ 865.55. [6] A few of the calls were for business purposes to the Austrian Kontrollbank. However, all other calls during the two-week period *32 were personal calls made to petitioner's wife who was in New York. During that trip petitioner called his wife every other day for a period of 15 to 20 minutes. The frequent calls home were necessitated by some personal problems and illnesses. Petitioner was reimbursed by Dillon, Read for telephone charges in the amount of $ 148.05. The fiquire was reached by agreement between petitioner and Pat Coady, a Dillon, Read employee, without reference to any specific items. The entire amount was not reimbursed because it was excessive. On their 1975 income tax return petitioners claimed a deduction in the amount of $ 1,857 for petitioner's educational expenses at Columbia University during 1975 and also a deduction for unreimbursed business expenses in the amount of $ 820, representing the difference between the cost of James' telephone calls from Austria to his wife and the amount he was reimbursed by Dillon, Read for telephone expenses. In the notice of deficiency respondent disallowed both deductions in full. OPINION *33 Section 162(a) provides generally that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. There is no statutory provision relating to education deductions. Therefore, we must look to the governing regulations under section 162, which have been upheld by this Court. Weiszmann v. Commissioner, 52 T.C. 1106 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971); Weiler v. Commissioner, 54 T.C. 398 (1970); Bodley v. Commissioner, 56 T.C. 1357 (1971). Section 1.162-5, Income Tax Regs., provides in pertinent part as follows: Sec. 1.162-5. Expenses for education.--(a) General rule. Expendigures made by an individual for education * * * which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses * * * if the education-- (1) Maintains or improves skills required *34 by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, * * *. However, even if one or both of the criteria of sections 1.162-5(a)(1) and (2), Income Tax Regs., are met the educational expenses are nondeductible personal expenses if (1) such education "is required of * * * [the taxpayer] in order to meet the minimum educational requirements for qualification in his employment or other trade or business. * * *" ( section 1.162-5(b)(2), Income Tax Regs.) or (2) such education "is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *" ( section 1.162-5(b)(3), Income Tax Regs.) Respondent disallowed the deduction for educational expenses on the basis that petitioner was not engaged in a trade or business when he was attending Columbia University. Although respondent concedes that temporary absences will not terminate engagement in a trade or business, he argues that a temporary period is for one *35 year or less and, furthermore, the course work must maintain or improve the taxpayer's skills in his employment or meet the employer's express requirements as a condition of retaining employment. [7] We agree with respondent. Petitioner contends that his educational program was traderelated and enrolled in to improve performance and to maintain his skills and position in the industry. Although petitioner eventually did return to the same trade or business, the threshold test relating to educational expenses being deductible under section 162 is whether the taxpayer is engaged in a trade or business. Reisinger v. Commissioner, 71 T.C. 568, 572 (1979). Before an expenditure is deductible as a business expense, it must relate to the present carrying on of an existing trade or business. Koons v. Commissioner, 35 T.C. 1092, 1100 (1961). Here, petitioner ceased employment as a commercial *36 lending analyst trainee for a period of two years and nine months before returning to a similar occupation. This is not a case where the absence from work was temporary. See and compare Furner v. Commissioner, 393 F.2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966). [8]
Furthermore, it is far from clear that petitioner remained in the same trade or business throughout this period when he first entered the Graduate School of Architecture at the University of Pennsylvania. The regulations must be applied with objective standards. Weiler v. Commissioner, supra at 401, and Bodley v. Commissioner, supra at 1360. Thus, even though petitioner claims he intended to remain in the same trade, his enrollment into an architectural program does not support his intent. Additionally, petitioner in 1975 did accept a position that required a M.B.A. degree as a condition of his new employer and also provided a higher salary. On these facts petitioner is not entitled to deduct his educational expenses incurred in 1975 as a business expense.
*37 Section 162(a)(2) allows a deduction for traveling expenses "while away from home in the pursuit of a trade or business." Section 1.162-2(a), Income Tax Regs., provides that telephone expenses incurred while traveling are deductible only when such expenses are reasonable and necessary in the conduct of the taxpayer's business and directly attributable thereto. See also Commissioner v. Flowers, 326 U.S. 465 (1946). Section 262 prohibits the taking of a deduction where the expenses are personal, for living or for family. Petitioner claimed a deduction for telephone calls made to his wife and family, who were in New York, while he was on a two-week business trip in Vienna, Austria. Petitioner made these calls on the average of every other day for 15 to 20 minutes each. Petitioner, at trial, admitted that the calls were personal. However, he argues that the deduction should be allowed because it was an expenditure necessary and essential to his well-being while on the business trip. Respondent disallowed the deduction as excessive and unreasonable *38 for a 14-day trip and deemed it a nondeductible personal expense under sectioin 262. We agree with respondent. Petitioner admitted that these calls were personal, and as such they are not deductible business expenses under section 162. Coerver v. Commissioner, 36 T.C. 252 (1961), affd. 297 F.2d 837 (3d Cir. 1962). Petitioner suggests that the legitimacy of the telephone expenses as a business deduction is supported by the fact that he was partially reimbursed for them by his employer. This argument does not persuade us. Even petitioner indicated that his employer thought the telephone charges were excessive. As was said in O'Toole v. Commissioner, 243 F.2d 302, 303 (2d Cir. (1957), "The job, not the taxpayer's pattern of living, must require the traveling expenses." The unreimbursed telephone expenses incurred by petitioner during a business trip to Vienna, Austria, are nondeductible personal expenses under section 262. In accord with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 6, dated March 8, 1978, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
3. On the date of filing the amended petition, James E. Carey resided at 151 West 78th Street, New York, New York. Jean Carey's address remained unchanged. ↩
4. Since Jean Carey is a party to this proceeding solely by virtue of having filed a joint Federal income tax return with her spouse, James E. Carey will be referred to herein as petitioner.↩
5. Petitioner orally amended his pleadings to increase the amount of medical expense deduction to which respondent agreed. Respondent orally amended his pleadings to increase the determined deficiency due to an omission in gross income of $ 8,700 attributable to alimony payments. See sec. 6214. Petitioners agreed to the increase.↩
6. The exhibits in evidence show telephone charges in the amount of $ 2,665 Austrian shillings, which the parties agreed was equivalent to $ 865.55.↩
7. Respondent also argues that petitioner must show he paid the education expenses in 1975. Due to the result we reached, we find no need to address this argument.↩
8. See also Reisine v. Commissioner, T.C. Memo. 1970-310↩.