HOUSTON WHEELER KNIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knight v. Commissioner
Docket No. 10558-87.
United States Tax Court
T.C. Memo 1989-219; 1989 Tax Ct. Memo LEXIS 219; 57 T.C.M. (CCH) 339; T.C.M. (RIA) 89219; May 8, 1989. Houston Wheeler Knight, pro se. *220 Glorianne Gooding, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's 1983 Federal income tax in amounts as follows: Additions to Tax
Year
Deficiency
Section 6653(a)(1) [1]
Section 6653(a)(2)
Section 6661
1983
$ 23,664
$ 1,183
*
$ 5,916
After concessions by petitioner, the issues are: (1) whether petitioner has unreported interest income in the amount of $ 2,642; (2) whether petitioner has unreported dividend income in the amount of $ 2,824; (3) whether petitioner must report tax on the entire amount distributed to him from two pension plans in 1983; (4) whether petitioner has unreported severance pay in the amount of $ 1,081; and (5) whether petitioner is subject to the additions to tax as determined by respondent. FINDINGS OF FACT Some of the facts *221 are stipulated and are so found. The stipulated facts and attached exhibits are incorporated by reference. Petitioner Houston Wheeler Knight resided in Whittier, California, at the time the petition herein was filed. During 1983, petitioner was married to Jeanette M. Knight (Mrs. Knight) and filed a joint Federal income tax return for 1983. Mrs. Knight passed away in 1985. Her estate is not a party to this action. Petitioner was employed as an engineer by FMC Corporation for 29 years. In 1982, petitioner terminated his employment with FMC Corporation. In 1983, petitioner received lump-sum distributions from two pension plans: $ 29,473.28 from The Traveler's Insurance Company and $ 72,337.48 from the FMC Employee's Thrift and Stock Purchase Plan. Petitioner's lump-sum pension distributions were made up entirely of employer contributions, and did not represent employee contributions for which petitioner could claim a nontaxable return of capital. These distributed amounts, totaling $ 101,810.76, were not reported on petitioner's 1983 joint income tax return. Further, petitioner did not reinvest any portion of the lump sum distributions in an individual retirement account after *222 receiving these distributions. Upon receipt of the pension plan distributions in 1983, petitioner and Mrs. Knight deposited the $ 72,337 petitioner received from the FMC Employee's Thrift and Stock Purchase Plan and $ 28,000 of Mrs. Knight's money into a certificate of deposit in their joint name at Bank of America (Bank of America CD). Petitioner received interest income of $ 11,774 from the Bank of America CD in 1983, $ 2,642 of which was not reported on his 1983 joint income tax return. Petitioner and Mrs. Knight received taxable dividend income of $ 2,824 from stock in 1983 which was not reported on petitioner's 1983 joint income tax return. Petitioner received a taxable distribution in the amount of $ 1,081 from the FMC Ready Asset Retirement Account in 1983, as severance pay. This severance pay was not reported on petitioner's 1983 joint income tax return. OPINION The first issue is whether petitioner has unreported interest income in the amount of $ 2,642 from his Bank of America CD in excess of the $ 9,473 which was reported. With respect to all issues, petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner *223 contends that approximately 28 percent of the Bank of America CD is allocable to funds contributed by Mrs. Knight. Petitioner asserts that 28 percent of the interest accruing on the the Bank of America CD is allocable to Mrs. Knight's contribution and is properly taxable to the estate of Mrs. Knight in or after 1985, the year in which Mrs. Knight passed away. Petitioner asserts that the expenses of his wife's estate have always exceeded the income resulting in zero tax to the estate. Petitioner seeks to have Mrs. Knight's share of the interest income received by petitioner and Mrs. Knight in 1983 taxed to Mrs. Knight's estate in an unspecified year after 1984.
We believe that petitioner, as a pro se petitioner, presented his arguments in this case with good faith and sincerity as to the merits of his arguments. However, with respect to the first issue, petitioner is apparently unaware of the well-established tax principle that Federal taxes are basically computed on the basis of annual accounting periods. See Burnet v. Sanford & Brooks Co.,282 U.S. 359 (1931); Hershey Foods Corp. v. Commissioner,76 T.C. 312 (1981); sec. 441. Taxable *224 interest income received in 1983 is taxable in 1983. Where, as here, a joint income tax return was filed, petitioner and Mrs. Knight have but one taxable income, from which one tax may be determined, and for which petitioner is jointly and severally liable. See sec. 6013(d)(3), sec. 1.6013-4(b), Income Tax Regs.; and Coerver v. Commissioner,36 T.C. 252, 254 (1961), affd. 297 F.2d 837 (3d Cir. 1962). Accordingly, we hold that petitioner had unreported interest income of $ 2,642 in 1983. The second issue is whether petitioner had unreported dividend income of $ 2,824. Petitioner has presented no evidence on the issue of whether he should be taxable on the $ 2,824 of dividend income received in 1983. Accordingly, we hold for respondent on this issue. With respect to the third issue, petitioner asserts, on brief, that a portion of the lump-sum pension distributions represents both employer contributions and his own employee contributions. Petitioner argues that, to the extent the lumpsum pension distributions represent employee contributions, they are not subject to tax. Petitioner's argument fails for two reasons. First, petitioner stipulated *225 that "petitioner's lump sum distributions were made up entirely of employer contributions taxable to petitioner, and represented no employee contributions for which petitioner could claim a return of capital." Accordingly, in light of this stipulation and the regulations under section 402, petitioner is taxable on the entire lump sum pension distributions in 1983. See sec. 1.402(a)-1(a), Income Tax Regs.
The second reason petitioner's argument fails is that he has presented to the Court no evidence that any part of his pension distributions represented a return of capital. The Court can qualify, change, or contradict the parties' stipulation of facts where justice requires. See Rule 91(e); Berry v. Commissioner,254 F.2d 471 (9th Cir. 1957); Jasionowski v. Commissioner,66 T.C. 312 (1976). Petitioner has presented no evidence to contradict the stipulation that any portion of his pension distributions represent a nontaxable return of capital. Accordingly, for lack of any evidence in the record that petitioner is not subject to tax on these distributions, we have no choice but to hold that petitioner's pension distributions are entirely taxable to *226 him. The fourth issue is whether petitioner is taxable on the $ 1,081 of severance pay he received in 1983. Petitioner asserts that this represents an additional pension distribution and that it also partially represents a nontaxable return of capital. The record in this case contains no evidence on this issue. Accordingly, we hold that he is taxable on the entire $ 1,081 received as severance pay. The final issue is whether petitioner is subject to additions to tax pursuant to sections 6653(a)(1), 6653(a)(2), and 6661. Petitioner did not argue this issue on brief and has thus conceded this issue. See Money v. Commissioner,89 T.C. 46, 48 (1987); Atlee v. Commissioner,67 T.C. 395, 396 n.2 (1976); Hedrick v. Commissioner,63 T.C. 395, 396-397 (1974). Accordingly, we sustain respondent's determination in this regard. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1984, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 23,664. ↩